NORTH CAROLINA

ORANGE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

26 CVS________________

ABDULRAHMAN RAGEH, M.D.,

Plaintiff,

v.

THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL; J. NIKLAS ULRICH, M.D., individually and in his official capacity; DONALD BUDENZ, M.D., individually and in his official capacity; and DAVID FLEISCHMAN, M.D., individually and in his official capacity,

Defendants.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

## NATURE OF THE ACTION

1. This action arises from Defendants' publication of false and defamatory statements concerning Plaintiff's competence and patient safety as a physician, together with retaliatory actions taken against Plaintiff following his complaints of unfair and discriminatory treatment.

2. Defendants falsely communicated to third parties, including state medical licensing boards and prospective employers, that Plaintiff had been subject to repeated patient safety concerns and had been removed from clinical duties due to those concerns.

3. These statements were presented as factual determinations regarding Plaintiff's competence, were materially false, and were made with knowledge of their falsity or reckless disregard for the truth.

4. Defendants' conduct was not undertaken as part of any legitimate, good-faith peer review or evaluative process, but instead was motivated by improper purpose, including retaliation and malice.

5. As a direct and proximate result of Defendants' actions, Plaintiff has suffered substantial reputational harm, loss of employment and licensure opportunities, loss of future earning capacity, and significant economic and personal damages.

**PARTIES**

6. Plaintiff Abdulrahman Rageh, M.D., is a physician licensed in multiple jurisdictions and trained in ophthalmology ("Dr. Rageh").

7. Defendant The University of North Carolina at Chapel Hill ("UNC") is a public institution organized under the laws of North Carolina and operates medical training programs.

8. Defendant J. Niklas Ulrich, M.D., is a physician employed by UNC and served in a supervisory and evaluative role over Plaintiff ("Dr. Ulrich").

9. Defendant Donald Budenz, M.D., is a physician once employed by UNC and exercised authority over Plaintiff's training and evaluation ("Dr. Budenz").

10. Defendant David Fleischman, M.D., is a physician employed by UNC and exercised authority over Plaintiff's training and evaluation ("Dr. Fleischman").

11. At all relevant times, the individual Defendants were acting within the course and scope of their employment, agency, and authority with UNC.

12. Defendant UNC is liable for the acts of its agents under the doctrine of respondeat superior.

13. UNC further ratified, authorized, or failed to correct the wrongful conduct of its agents, thereby incurring direct and vicarious liability.

## JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to N.C. Gen. Stat. § 1-75.4.

14. Venue is proper in Orange County because the acts and omissions giving rise to this action occurred in this county.

## FACTUAL ALLEGATIONS

15. Plaintiff began a vitreoretinal fellowship at UNC in or about August 2022.

16. Plaintiff entered the program with a strong professional record and no history of disciplinary action or patient safety violations.

17. During his fellowship, Plaintiff performed his duties competently and in accordance with professional standards.

18. Defendants began expressing concerns regarding Plaintiff's alleged competence and patient safety; however, such concerns were not supported by objective records or documented findings.

19. UNC maintains formal systems for reporting patient safety issues and clinical deficiencies, yet no substantiated reports were issued against Plaintiff.

20. Plaintiff was not placed on a formal remediation plan and was not subject to progressive discipline consistent with the later allegations made against him.

21. Plaintiff raised concerns regarding unfair and discriminatory treatment during his fellowship.

22. Following Plaintiff's protected activity, Defendants escalated allegations regarding his competence.

23. Plaintiff's fellowship was terminated.

24. After Plaintiff's termination, Defendants undertook to communicate information about Plaintiff to third parties, including licensing authorities and prospective employers.

25. On February 13, 2026, in concert with the other Defendants, Dr. Fleischman authored and transmitted a written communication to third parties in a Postgraduate Training Verification Form to a state medical licensing board, concerning Plaintiff's performance.

26. In that communication, Dr. Fleischman stated that Plaintiff has been "restricted from independent patient care due to repeated safety concerns and was relieved from seeing patients without direct supervision.

27. In that communication, Dr. Fleischman stated that Plaintiff did not receive satisfactory final evaluations due to patient safety concerns and that the determination made in the evaluation was based on contemporaneous documentation from Dr. Ulrich.

28. These statements were presented as factual representations regarding Plaintiff's competence and fitness as a physician.

29. The statements were false.

30. On May 5, 2025, Dr. Budenz, in concert with the other Defendants authored and transmitted a written communication to third parties in a Postgraduate Training Verification Form (US Form #3), including a state medical licensing board, concerning Plaintiff's performance.

31. In that communication, Dr. Budenz stated that Plaintiff has been "restricted from independent patient care for last 3 months of fellowship."

32. These statements were presented as factual representations regarding Plaintiff's competence and fitness as a physician.

33. The statements were false.

34. At the time the statements were made, Defendants knew or should have known that Plaintiff had not been subject to substantiated patient safety findings consistent with those assertions.

35. Defendants failed to conduct a reasonable investigation before making such statements.

36. Defendants had previously represented that Plaintiff was in good standing and suitable for licensure.

37. The contradictory nature of Defendants' statements demonstrates knowledge of falsity or reckless disregard for the truth.

38. Defendants intended or reasonably should have foreseen that such statements would be relied upon by licensing boards and employers.

39. The statements directly impugned Plaintiff's competence and professional fitness.

40. As a direct result, Plaintiff lost employment opportunities, suffered interference with licensure, and sustained reputational and economic harm.

41. Defendants' statements were not made as part of any good-faith peer review process but were made with improper motive and outside the scope of any legitimate evaluative function.

## FIRST CLAIM FOR RELIEF
## (DEFAMATION PER SE)

37. The foregoing allegations are hereby realleged and incorporated by reference.

38. Defendants made false statements of fact concerning Plaintiff.

39. These statements were published to third parties.

40. The statements imputed professional incompetence and unfitness in Plaintiff's profession.

41. The statements constitute defamation per se under North Carolina law.

42. Defendants acted with actual malice.

43. Plaintiff is entitled to presumed damages and punitive damages.

44. Defendant UNC is liable under respondeat superior and ratification.

## SECOND CLAIM FOR RELIEF
## RETALIATION (42 U.S.C. § 1983)

45. The foregoing allegations are hereby realleged and incorporated.

46. Plaintiff engaged in protected activity.

47. Defendants acted under color of state law.

48. Defendants took adverse action, including termination and dissemination of damaging statements.

49. Defendants' actions would deter a person of ordinary firmness from engaging in protected activity.

50. Plaintiff suffered damages.

## THIRD CLAIM FOR RELIEF
## (TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

51. The foregoing allegations are hereby realleged and incorporated.

52. Plaintiff had valid business and employment expectations.

53. Defendants knew of these relationships.

54. Defendants intentionally interfered by publishing false statements.

55. Plaintiff suffered damages.

## FOURTH CLAIM FOR RELIEF
## (NEGLIGENCE)

56. The foregoing allegations are hereby realleged and incorporated.

57. Defendants owed Plaintiff a duty of reasonable care.

58. Defendants breached that duty by making unsubstantiated statements without reasonable investigation.

59. Plaintiff suffered damages as a direct and proximate result.

## FIFTH CLAIM FOR RELIEF
## (GROSS NEGLIGENCE / WILLFUL AND WANTON CONDUCT)

60. The foregoing allegations are hereby realleged and incorporated.

61. Defendants' conduct was willful, wanton, and in reckless disregard of Plaintiff's rights.

62. Defendants knowingly disseminated false statements despite lack of evidence.

63. Such conduct supports an award of punitive damages.

## PUNITIVE DAMAGES

64. Plaintiff is entitled to punitive damages pursuant to Chapter 1D of the North Carolina General Statutes.

65. Defendants are liable for punitive damages because their officers and agents participated in or condoned conduct involving malice and willful and wanton behavior.

66. Punitive damages are necessary to punish Defendants and deter similar conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants and award:

1. Compensatory damages, including loss of income, loss of future earning capacity, reputational harm, and emotional distress;

2. Punitive damages;

3. Prejudgment and post-judgment interest as allowed by law;

4. Costs of this action, including reasonable attorneys' fees as allowed by law;

5. Trial by jury on all issues so triable; and

6. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 5th day of May, 2026.


BYNDON LAW, LLC

/s/ Potso Mahlangeni-Byndon
Potso Mahlangeni-Byndon
N.C. State Bar No. 43031
2016 Fowler Ave
Omaha, NE 68110
(402) 570-1287
potso@byndonlaw.com

*Attorneys for Plaintiff*